UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE D. TAYLOR<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:19-cv-00815-HBK<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES<br><br>(Doc. No. 16)<br><br>ORDER FOR CLERK TO MAIL A COPY OF THIS ORDER TO PLAINTIFF LEE TAYLOR |

Steven G. Rosales ("Counsel") of the Law Offices of Lawrence D. Rohlfing, attorney for Lee D. Taylor ("Plaintiff"), filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) on March 15, 2022.  (Doc. No. 16).  Plaintiff was served with the motion and advised she had 14 days to object.  (*Id.* at 2, 19).  No opposition has been filed as of the date of this Order.  (*See* docket).  For the reasons set forth below, the motion for attorney's fees is granted in the amount of $6,500.00 subject to an offset of $1,000.00 in fees already awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Doc. No. 16).

## I.  BACKGROUND

On June 10, 2019, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance benefits under the Social Security Act.  (Doc. No. 1).  On January 21, 2020, the Court granted the parties'

stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. Nos. 11, 12). The Court entered an award of $1,000.00 for attorney fees under the Equal Access to Justice Act ("EAJA") on April 17, 2020. (Doc. Nos. 14, 15). After remand, the presiding administrative law judge issued a fully favorable decision awarding Plaintiff benefits on April 6, 2021. (Doc. No. 16-2). Plaintiff was awarded $46,196.00 in retroactive benefits. (Doc. No. 16-3 at 3).

On March 17, 2022, Counsel filed this motion for attorney's fees in the amount of $6,500.00, with an offset of $1,000.00 for EAJA fees already awarded. (Doc. No. 16). To collect those fees, Counsel requests they be sent directly from the Commissioner of Social Security to her law firm, the Law Offices of Lawrence D. Rohlfing. (*Id.*). Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits. (Doc. No. 16 at 4-7; Doc. No. 16-1).

## II.  APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled …

42 U.S.C. § 406(b)(1)(A) (emphasis added). A plaintiff's counsel may recover attorneys' fees under both 42 U.S.C. § 406(b) and EAJA. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The plaintiff's attorney must, however, refund to the plaintiff the amount of the smaller fee. *Id.*

Fees in social security cases "are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69, 70 (9th Cir. 2020). The fee is not *borne* by the Commissioner. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). This provision's purpose is in part to "ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrechtt,* 535 U.S. at 805 (internal quotations omitted). When weighing the adequacy of requested attorney's fees, Courts should respect "the primacy of lawful attorney-client fee agreements." *Id.* at 793.

Counsel still bears the burden, however, of showing the requested fees are reasonable. *Id.* at 807. In determining reasonableness, the court may consider the experience of the attorney, the results they achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged. *Id.* at 807-808; *Crawford*, 586 F.3d at 1151. Any 406(b) award is offset by attorney fees granted under the EAJA. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012)

### III.  ANALYSIS

Here, Plaintiff signed a fee agreement providing, "the fee for successful prosecution of this matter is 25% of the backpay awarded…" (Doc. No. 16-1).  Counsel was ultimately successful in securing $46,196.00 in retroactive benefits for Plaintiff.  (Doc. No. 16-3 at 3).  In support of this motion, Counsel submitted a time sheet indicating the firm expended 3.3 hours in attorney time and 3.2 hours in paralegal time on this matter.  (Doc. No. 16 at 12; Doc. No. 16-4). The time Counsel spent in successfully attaining Plaintiff's benefits does not appear inflated.

Counsel's request for $6,500 in fees for 6.5 hours of work results in an hourly rate of $1,000 for the combined attorney and paralegal work.[1]  (Doc. No. 18 at 4).  In 2008, the Ninth Circuit found similar hourly rates reasonable in social security contingency fee arrangements. *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part).  More recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time. *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020).  Attorney hourly rates inevitably rise as their experience increases, and counsel has been practicing social security law since 2002.  (Doc. No. 16 at 21, ¶15:2-3). The $6,500 sought by Counsel is 14% of the $46,196.00 in retroactive benefits, well below the amount stipulated to in the contingency agreement.  The *Gisbrecht* factors all cut in favor of findings the requested $6,500 to be reasonable.

Counsel was previously awarded $1,000.00 in fees pursuant to the EAJA.  Because that

---

[1] Counsel does not disclose his typical hourly rate or the typical hourly rate for the firm's paralegal.

3

amount must be subtracted from the requested attorney's fees, the Court will order an award of $5,500.00.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for an award of attorney's fees is GRANTED (Doc. No. 16). The Commissioner shall certify a net fee of $5,500.00 to Counsel Steven G. Rosales.

2. Pursuant to Counsel's request, this amount shall be paid directly to the Law Offices of Lawrence D. Rohlfing, Inc., CPC by the Commissioner from the remainder of the benefits due to Plaintiff.

3. The Clerk of the Court is respectfully directed to serve a copy of this order on Lee D. Taylor, 618 Woodrow Street, Taft, CA 93268.

Dated:  April 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE