UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE D. TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:19-cv-00815-HBK<br><br>ORDER GRANTING JOINT MOTION TO CORRECT<br><br>(Doc. No. 20)<br><br>ORDER FOR CLERK TO MAIL A COPY OF THIS ORDER TO PLAINTIFF |

Presently before the Court is the parties' Joint Motion to Correct Order Pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 20). On April 13, 2022, the Court granted Plaintiff's counsel Steven G. Rosales of the Law Offices of Lawrence D. Rohlfing's ("Counsel") motion for attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 19). On May 16, 2022, Counsel and the Acting Commissioner of Social Security ("Commissioner") filed a joint motion to correct the Court's April 13, 2022 order pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 20). For the reasons set forth below, the joint motion to correct the Court's April 13, 2022 order is granted.

## I. BACKGROUND

On June 10, 2019, Plaintiff brought the underlying action seeking judicial review of a

final administrative decision denying Plaintiff's claim for disability insurance benefits under the Social Security Act. (Doc. No. 1). On January 21, 2020, the Court granted the parties' stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. Nos. 11, 12). The Court entered an award of $1,000.00 for attorney fees under the Equal Access to Justice Act ("EAJA") on April 17, 2020. (Doc. Nos. 14, 15). On April 6, 2021, the Commissioner issued a favorable decision. (Doc. No. 16-2). Plaintiff was awarded $46,196.00 in retroactive benefits. (Doc. No. 16-3 at 3).

On March 17, 2022, Counsel filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $6,500.00, with a credit of $1,000.00 to Plaintiff for EAJA fees previously paid. (Doc. No. 16 at 1). On April 13, 2022, the Court granted Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b); however, the Court specifically certified only a net fee of $5,500.00 be awarded to Counsel to account for the previously awarded $1,000.00 in fees pursuant to the EAJA. (Doc. No. 19 at 3-4). On May 16, 2022, Counsel and the Commissioner filed a joint motion pursuant to Federal Rule of Civil Procedure 60(b) requesting that the Court correct its April 13, 2022 order. (Doc. No. 20). Specifically, the parties request the Court to remove the instruction that Commissioner certify a net fee of $5,500 to Counsel. (Doc. No. 20 at 2); *see* Doc. No. 19 at 4). Instead of certifying a net fee, the parties request that the Court "require the Commissioner to certify a section 406(b) fee of $6,500.00 to Counsel, and for Counsel to refund the $1,000.00 EAJA fee to Plaintiff."

## II.  APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final judgment, orders, or proceedings of the district court. Rule 60(b) permits a district court to relieve a party from a final judgment, order, or proceedings on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, the parties request, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), that the Court "modify" the April 13, 2022 order granting § 406(b) attorney fees to remove reference to a "net fee" because it would comport with both Counsel's request in his motion, and the Commissioner's response indicating that "should the Court find that Counsel's request is reasonable, it would award Counsel 42 U.S.C. § 406(b) fees and order Counsel to refund to Plaintiff the $1,000.00 in EAJA feels that Counsel previously accepted for work before this Court." (Doc. No. 18 at 4). The parties' request is further supported by recent rulings in the Eastern District of California that while the "netting method" is permissible, it is "disfavored in light of the EAJA's language anticipating an attorney-to-claimant refund." *See, e.g., Londono v. Comm'r of Soc. Sec.*, 2022 WL 891285, at *3 (E.D. Cal. March 25, 2022). Based on the foregoing, the Court finds that modification of the April 13, 2022 Order is appropriate.

Accordingly, it is **ORDERED**:

1. The parties' Joint Motion to Correct Order Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 20) is **GRANTED**.

2. The conclusion of Court's April 13, 2022 order is revised as follows: Counsel is awarded $6,500 in attorney fees pursuant to 42 U.S.C. § 406(b). Counsel shall refund to Plaintiff $1,000 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

3. This order does not modify the Court's order in any other way, including the Court's finding that the request of $6,500.00 in attorney fees pursuant to § 406(b) was reasonable.

4. The Clerk of the Court is respectfully directed to serve a copy of this order on Lee D. Taylor, 618 Woodrow Street, Taft, CA 93268.

Dated: May 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4